EVAN A. DAVIS (*Admitted Pro Hac Vice*)
CARMINE D. BOCCUZZI, JR. (*Admitted Pro Hac Vice*)
LAUREN K. HANDELSMAN (*Admitted Pro Hac Vice*)
RYAN T. BECKER (*Admitted Pro Hac Vice*)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
E-mail: edavis@cgsh.com
E-mail: cboccuzzi@cgsh.com
E-mail: lhandelsman@cgsh.com
E-mail: rbecker@cgsh.com

STEPHEN E. TAYLOR (SBN 58452)
JONATHAN A. PATCHEN (SBN 237346)
STEPHEN McG. BUNDY (SBN 253017)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: staylor@tcolaw.com
E-mail: jpatchen@tcolaw.com
E-mail: sbundy@tcolaw.com

Attorneys for Defendants FITCH, INC., FITCH GROUP, INC. and FITCH RATINGS, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>MOODY'S CORP., MOODY'S INVESTORS SERVICE, INC., THE MCGRAW HILL COMPANIES, INC., FITCH, INC., FITCH GROUP, INC., FITCH RATINGS, LTD., and DOES 1 THROUGH 100,<br><br>Defendants. | Case No.: 09-03628-SI<br><br>**DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION** |

TAYLOR & CO.
LAW OFFICES, LLP

DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

    A. ISSUES TO BE DECIDED (CIVIL LOCAL RULE 7-4(1)(3)) .............................. 2

    B. PROCEDURAL BACKGROUND ........................................................................ 3

II. ARGUMENT .................................................................................................................. 4

    A. THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE CALPERS IS NOT AN ARM OR ALTER EGO OF THE STATE OF CALIFORNIA AND IS THEREFORE A CITIZEN OF CALIFORNIA FOR DIVERSITY PURPOSES ................................................................................. 4

    B. CAFA PROVIDES AN INDEPENDENT BASIS FOR REMOVAL BECAUSE THIS IS A MASS ACTION UNDER CAFA ........................................ 5

        1. This Is a Mass Action Brought on Behalf of CalPERS' Beneficiaries ......... 5

        2. Removal under CAFA Advances the Express Legislative Purpose of Having Federal Courts Adjudicate Interstate Cases of National Importance ................................................................................................ 8

        3. CAFA's Legislative History Confirms that This Is a Mass Action ............ 12

III. CONCLUSION ............................................................................................................ 14

TAYLOR & CO.
LAW OFFICES, LLP

i.

DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

# TABLE OF AUTHORITIES

**Constitutional Provisions**

Cal. Const. art. XVI, § 17(a)-(b) .................................................................................... 7

**Rules and Statutes**

15 U.S.C. § 78o-7(c)(1) ................................................................................................. 11

28 U.S.C. § 1332 ........................................................................................................... 3

28 U.S.C. § 1332(d)(2)(A) ............................................................................................ 5, 6

28 U.S.C. § 1332(d)(3)-(10) .......................................................................................... 10

28 U.S.C. § 1332(d)(4)(A) ............................................................................................ 10

28 U.S.C. § 1332(d)(4)(B) ............................................................................................ 10

28 U.S.C. § 1332(d)(6) .................................................................................................. 5

28 U.S.C. § 1332(d)(11) ................................................................................................ 5

28 U.S.C. § 1332(d)(11)(B)(i) ....................................................................................... 5

28 U.S.C. § 1441 ........................................................................................................... 3

Cal. Pension Protection Act of 1992, § 3(e), Prop. 162 (1992) .................................... 4

Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ........................ 3, 8-9

Credit Rating Agency Reform Act of 2006,
Pub. L. 109-291, 120 Stat. 1327 .................................................................................... 2, 10-11

**Cases**

Abrego Abrego v. Dow Chem. Co.,
443 F.3d 676 (9th Cir. 2006) ........................................................................................ 6

Estate of Pew v. Cardarelli,
527 F.3d 25 (2d Cir. 2008) ........................................................................................... 9

Garcia v. United States,
469 U.S. 70 (1984) ........................................................................................................ 12

Grassi v. Ciba-Geigy, Ltd.,
894 F.2d 181 (5th Cir. 1990) ........................................................................................ 7-8

TAYLOR & CO.
LAW OFFICES, LLP

ii.

DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

1    Hertzberg v. Dignity Partners, Inc.,
      191 F.3d 1076 (9th Cir. 1999)............................................................................................ 12

Louisiana ex rel. Caldwell v. Allstate Ins. Co.,
536 F.3d 418 (5th Cir. 2008)............................................................................................. 8

Lowery v. Ala. Power Co.,
483 F.3d 1184 (11th Cir. 2007)........................................................................................ 12

Oliver v. Keller,
289 F.3d 623 (9th Cir. 2002)............................................................................................ 12

Serrano v. 180 Connect, Inc.,
478 F.3d 1018 (9th Cir. 2007)........................................................................................... 8

Tanoh v. Dow Chem. Co.,
561 F.3d 945 (9th Cir. 2009)............................................................................................ 12

Wecker v. Nat'l Enameling & Stamping Co.,
204 U.S. 176 (1907).......................................................................................................... 7

**Other Authorities**

151 Cong. Rec. S1086-01, 1099 (daily ed. Feb. 8, 2005) ................................................. 9

Credit Rating Agencies and the Next Financial Crisis: Hearing Before the H. Comm. on Oversight and Government Reform, 111 Cong. 2-3 (2009) ............................................. 7, 11

S. Rep. No. 109-14 (2005) ................................................................................................ 9, 12-13

TAYLOR & CO.
LAW OFFICES, LLP

iii.

DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

Defendants Fitch, Inc., Fitch Group, Inc., and Fitch Ratings, Ltd. (collectively "Fitch") submit this Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction with respect to Fitch's Notice of Removal based on the Class Action Fairness Act of 2005 ("CAFA"). Fitch joins in The McGraw-Hill Companies, Inc. ("McGraw-Hill"), Moody's Corporation and Moody's Investors Service, Inc.'s (collectively "Moody's," and together with McGraw-Hill and Fitch "defendants") Memorandum of Law in Opposition to Motion to Remand (the "Remand Opposition" or "Remand Opp."), and adopts each of the arguments advanced by McGraw-Hill and Moody's in the Remand Opposition, as they apply with equal force to Fitch. Fitch appears for purposes of opposing remand only and for no other purpose, and reserves all defenses and rights available to them, including without limitation the defenses related to personal jurisdiction, service of process, and absence of venue, and Fitch hereby does not acknowledge or waive service of process.

## I.   INTRODUCTION

As discussed fully in the Remand Opposition filed by McGraw-Hill and Moody's, which Fitch joins, and as explained herein, the California Public Employees' Retirement System ("CalPERS") is a citizen of California for diversity purposes, and removal of the instant action to this Court is proper. Contrary to CalPERS' assertions, it is clear from a review of the state laws that define CalPERS' obligations and powers that CalPERS is not an arm or alter ego of the State of California. Proposition 162, which amended the California Constitution in 1992, ensured CalPERS' status as an independent entity with fiduciary duties to its members and <u>not</u> to the State. Other indicia of independence lead to the same conclusion. A money judgment in CalPERS' favor will not impact the State Treasury, CalPERS does not perform a central government function, it has the ability to sue and be sued, and it can take property in its own name and make its own investment decisions. CalPERS has itself acknowledged its separateness from the State of California in this very context – it has in other cases repeatedly proclaimed its status as a citizen of the State of California in invoking the diversity jurisdiction of the federal courts.

Even were the Court to deem CalPERS an arm of the State of California, CAFA provides a separate and independent basis for this case to remain in federal court. CalPERS exists to serve

TAYLOR & CO.
LAW OFFICES, LLP

1.
DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

the best interests of its 1.6 million members and brings this action as a representative of those members. Accordingly, this is a mass action removeable under CAFA: it is brought on behalf of more than 100 people, there is minimal diversity, and the amount in controversy, as alleged in the Complaint, exceeds $5 million. Removal under CAFA is both appropriate under the terms of the statute and consistent with its purpose – Congress enacted CAFA in part to protect out-of-state defendants from the bias that can arise when contesting an action in the plaintiff's state.

Moreover, CAFA was enacted to ensure that interstate cases of national importance are heard in federal court as opposed to state court. The broad dissemination of credit ratings and their role in interstate commerce make plain that this case involves matters of national importance. Congress made such a pronouncement when it passed the Credit Rating Agency Reform Act of 2006 ("CRARA"), which acknowledged the interstate character of these institutions and their substantial impact on the national economy. Further, CRARA dictates that the regulation of these agencies would be handled at the federal level. This clear statement by Congress of the national importance of credit rating agencies provides further support for exercising federal jurisdiction here.

Congress made clear that when courts assess the propriety of exercising jurisdiction over a case under CAFA, the term "class action" should not be confined to its traditional definition, and should instead be interpreted broadly to capture lawsuits that, while not class actions by name, nonetheless function as class actions. Just as CalPERS cannot hide all of the indicia of independence that prove it is not an arm or alter ego of the State of California for diversity purposes, CalPERS cannot hide the fact that it is prosecuting this representative action on behalf of its members. Looking through the caption to the true nature of this lawsuit reveals that it is a mass action, properly in federal court pursuant to CAFA. Accordingly, CalPERS' Remand Motion should be denied.

**A.     ISSUES TO BE DECIDED (CIVIL LOCAL RULE 7-4(1)(3))**

1.     Whether plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction should be denied because CalPERS is not an alter ego or arm of the State of California, and is therefore a citizen of the State of California for diversity purposes.

Taylor & Co.
Law Offices, LLP

2.
DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

2. Whether the instant action is a "mass action" properly removable under CAFA, Pub. L. 109-2, 119 Stat. 4 (2005) (codified as amended in scattered sections of 28 U.S.C.).

### B. PROCEDURAL BACKGROUND

On July 9, 2009, CalPERS filed a complaint in the Superior Court of the State of California, County of San Francisco against defendants (the "Complaint" or "Compl."). This lawsuit stems from a $1.3 billion investment on behalf of CalPERS' beneficiaries in three Structured Investment Vehicles ("SIVs"): Cheyne Finance LLC, Stanfield Victoria Funding LLC, and Sigma Finance, Inc., the largest-ever SIV. See Compl. ¶ 1. CalPERS alleges that these three SIVs collapsed in 2007 and 2008, failed to repay their investors, and caused "perhaps more than $1 billion" of losses for CalPERS' beneficiaries. Id. CalPERS claims that defendants, each of them Nationally Recognized Statistical Rating Organizations, gave these three SIVs their highest ratings, and in doing so made negligent misrepresentations. Id. ¶¶ 2-3. The Complaint asserts in conclusory fashion that CalPERS "is an arm of the State of California." Id. ¶ 10.

On August 7, 2009, defendants timely filed a Notice of Removal (the "Joint Removal Notice") pursuant to 28 U.S.C. § 1332 and § 1441, removing the case to the United States District Court for the Northern District of California on the basis of diversity, alleging that CalPERS is a citizen of the State of California and none of the defendants is a citizen of California. Joint Removal Notice at 2-4. The case was assigned to this Court (designated Case No. C 09-03628) and consolidated with the second federal case (designated Case No. C 09-03629 before the Honorable Joseph C. Spero), which was opened as a result of the filing by Fitch of a separate notice of removal on the basis of CAFA (the "CAFA Removal").[1]

On September 4, 2009, CalPERS filed a Motion to Remand for Lack of Subject Matter Jurisdiction (the "Remand Motion" or "Remand Mot."), contending that removal was inappropriate because CalPERS is an "arm or alter ego of the State" and is not a citizen of the

---

[1] See Related Case Order, Case No. 09-03628-SI (Dkt. 15). CAFA Removal caused a second federal case to be opened, even though it is identical to Case No. C 09-03628. The cases have since been procedurally consolidated as one case. See Order Consolidating Cases, Case No. 09-3628-SI (Dkt. 41).

TAYLOR & CO.
LAW OFFICES, LLP

3.
DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

State of California for diversity purposes.  Remand Mot. at 1-2.  The Remand Motion also disputes that CAFA provides an alternative basis for removal.  Id. at 13-14.

## II.  ARGUMENT

### A.  THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE CALPERS IS NOT AN ARM OR ALTER EGO OF THE STATE OF CALIFORNIA AND IS THEREFORE A CITIZEN OF CALIFORNIA FOR DIVERSITY PURPOSES

CalPERS is separate and independent from the State of California, and consequently not an arm of the State for diversity purposes.  State law and common sense clearly establish that CalPERS maintains control over its own affairs, as it has "the sole and exclusive power over the management and investment of public pension funds."  See California Pension Protection Act of 1992, § 3(e), Prop. 162 (1992) (emphasis added).  The public record facts, highlighted in the Remand Opposition, further establish CalPERS' control over its affairs, and, in turn, its autonomy from the State:

- CalPERS' investment positions are taken solely to benefit its members – it is an independent fiduciary whose paramount duty is to its members and not to the State.  See Remand Opp. at 9-11.

- CalPERS' funds are restricted for use by CalPERS, and cannot be raided by the State.  The State does not exercise any financial control over CalPERS, nor does it receive any financial benefit from CalPERS' investments.  See id. at 10, 12-15.

- CalPERS pays its own administration expenses out of its investment income.  See id. at 15.

- CalPERS takes property in its own name and makes its own investment decisions.  Furthermore, CalPERS cannot take property on behalf of the State as its trustee.  See id. at 10-11, 18.

- CalPERS does not serve a central government purpose, as providing retirement benefits to members (70% of whom are not State employees) does not constitute such a purpose.  See id. at 15-18.

- Any monetary relief won in this action would have no impact on the State Treasury.  See id. at 12-15.

- CalPERS can sue and be sued in its own name, as is self evident from this action.  Additionally, the CalPERS Board of Administration – and not the State – has the authority to settle lawsuits where CalPERS is a party.  See id. at 18.

The Court is not bound to accept CalPERS' conclusory characterization of itself as a "unit" of

TAYLOR & CO.
LAW OFFICES, LLP

4.

DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

the California State and Consumer Services Agency ("SCSA"), see Remand Mot. at 2, and these facts in any event dispel the incorrect legal conclusion that plaintiff would like the Court to draw – that CalPERS is somehow a mere arm or alter ego of the State of California.[2]

As set forth fully in the Remand Opposition, because CalPERS administers a trust fund solely for the benefit of its members and is sufficiently independent from the State of California that it is not an arm or alter ego of that state, removal is appropriate and the Remand Motion should be denied. Fitch adopts each of the arguments in the Remand Opposition, as they apply with equal force to Fitch.

### B. CAFA PROVIDES AN INDEPENDENT BASIS FOR REMOVAL BECAUSE THIS IS A MASS ACTION UNDER CAFA

Should the Court determine that diversity jurisdiction is not present, CAFA provides an independent and alternative ground for removal of this case. CAFA, codified in relevant part at 28 U.S.C. § 1332(d)(11), confers federal jurisdiction on actions, like this one, that are "mass actions."

#### 1. This Is a Mass Action Brought on Behalf of CalPERS' Beneficiaries

This action is removable under CAFA because the elements of CAFA's mass action provision are met here. Under CAFA, an action commenced after February 18, 2005 may be removed to the appropriate United States District Court if: (a) the suit is on behalf of 100 or more persons, at least one of whom individually satisfies the $75,000 amount in controversy requirement in § 1332(a); (b) any of the 100 or more persons is a citizen of a state different from any defendant; and (c) the aggregate amount in controversy exceeds the sum or value of $5 million exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2)(A), (d)(6), (d)(11)(B)(i).

///

---

[2] To the extent that CalPERS disputes this fact, Fitch respectfully requests permission to pursue jurisdictional discovery on this issue. By letter to CalPERS' counsel dated September 24, 2009, Fitch asserted that "any supervision by the SCSA is entirely nominal," and requested that, to the extent it disputes this, CalPERS provide information about the extent and manner of control the SCSA exercises over CalPERS. CalPERS' counsel responded by letter dated October 1, 2009 that it declined to provide any information that would support the position it takes in its Remand Motion.

TAYLOR & CO.
LAW OFFICES, LLP

5.
DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

It is plain from the face of the Complaint that the minimum jurisdictional requirements for removing this case under CAFA have been satisfied. First, the state court action was commenced on July 9, 2009, after February 18, 2005.

Second, this suit is for compensatory damages on behalf of more than 100 persons who satisfy the $75,000 amount in controversy requirement. Compl. ¶¶ 1, 4. CalPERS alleges that it "manages retirement benefits for more than 1.6 million California public employees, retirees and their families," id. ¶ 4, well beyond the 100-person requirement under CAFA. CalPERS also alleges that it lost "hundreds of millions, and perhaps more than $1 billion" – i.e., in excess of the $5 million minimum required by CAFA – on the investments in the SIVs identified in the Complaint. Id. ¶ 1. Given the claimed losses exceed $1 billion, common sense dictates that the amount in controversy exceeds $75,000 for at least one of the 100 beneficiaries on whose behalf CalPERS invested in the SIVs. See Compl. Prayer for Relief ¶¶ 1-2 (requesting, inter alia, compensatory damages, pre- and post-judgment relief, and attorneys' fees); see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 689 (9th Cir. 2006) (a removing party must establish that at least one plaintiff satisfies the $75,000 jurisdictional requirement).

Finally, this action satisfies CAFA's requirement of "minimal diversity" – i.e., it is sufficient that any one of the persons on whose behalf the case is brought is a citizen of a state different from any one defendant. 28 U.S.C. § 1332(d)(2)(A). Here, upon information and belief, at least one of the 1.6 million members on whose behalf CalPERS brought this suit is a citizen of California. See Declaration of Lauren K. Handelsman in Support of Fitch's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction, Exhibit A, at 2 ("86 percent of CalPERS retirees, survivors, and beneficiaries live in California."). Fitch's principal place of business is New York (Fitch, Inc. and Fitch Group, Inc.) or London (Fitch Ratings, Ltd.), and it is incorporated in either Delaware (Fitch, Inc., Fitch Group, Inc.) or London (Fitch Ratings, Ltd.). CAFA Removal ¶ 15. Therefore, the minimal diversity requirement is met.

The Remand Motion argues in conclusory fashion that this action is not a removable class or mass action. Remand Mot. at 14. The facts, however, establish otherwise. The Complaint is

TAYLOR & CO.
LAW OFFICES, LLP

6.

DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

brought for the sole benefit and in the interests of CalPERS' 1.6 million members, for whom CalPERS acts in a representative capacity. The provision of the California Constitution that defines the purpose of CalPERS emphasizes its representative capacity:

> The assets of a public pension or retirement system are trust funds and shall be held for the <u>exclusive purposes of providing benefits to participants</u> in the pension or retirement system and their beneficiaries and defraying reasonable expenses of administering the system . . . . The members of the retirement board of a public pension or retirement system shall discharge their duties with respect to the system <u>solely in the interest of, and for the exclusive purposes of providing benefits to, participants and their beneficiaries</u>, minimizing employer contributions thereto, and defraying reasonable expenses of administering the system. A retirement board's duty to its participants and their beneficiaries shall take precedence over any other duty.

Cal. Const. art. XVI, § 17(a)-(b) (emphasis added).

Recently, CalPERS' Senior Investment Officer, Eric Baggesen, described CalPERS' representative role before the House Committee on Oversight and Government Reform. In a prepared statement addressing the role credit ratings play in CalPERS' investment decisions, Baggesen explained:

> CalPERS is the largest state public pension fund in the United States, responsible for assets of nearly $200 billion, which we invest <u>on behalf of</u> 1.6 million beneficiaries. We rely on the quality and integrity of market information to <u>allocate capital on behalf of our beneficiaries</u>. Credit ratings make a critical contribution to those decisions.

<u>Credit Rating Agencies and the Next Financial Crisis: Hearing Before the H. Comm. on Oversight and Government Reform</u>, 111 Cong. 2-3 (2009) (statement of Eric Baggesen, Senior Investment Officer, CalPERS) (emphasis added).

In determining whether subject matter jurisdiction exists here, this Court cannot ignore these facts, because it is the underlying nature of the action, and not merely the labels insisted on by plaintiff, that control. See <u>Wecker v. Nat'l Enameling & Stamping Co.</u>, 204 U.S. 176, 185-86 (1907) ("Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction"); <u>Grassi v. Ciba-Geigy, Ltd.</u>, 894 F.2d 181, 185 (5th Cir. 1990) ("[J]urisdictional rules may not be used to perpetrate a fraud or ill-practice upon the court by either improperly creating or destroying

TAYLOR & CO.
LAW OFFICES, LLP

7.

DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

diversity jurisdiction. Were that to occur, we would not elevate form over substance but would accomplish whatever piercing and adjustments considered necessary to protect the court's jurisdiction.") (internal quotations and citations omitted).

This is particularly true in the context of CAFA where Congress explicitly intended the statute be given broad reach. See Louisiana ex rel. Caldwell v. Allstate Ins. Co., 536 F.3d 418, 424 (5th Cir. 2008) ("In passing CAFA, Congress emphasized that the term 'class action' should be defined broadly to prevent 'jurisdictional gamesmanship.'"). It would be an improper elevation of form over substance not to treat this action, brought against out-of-state defendants on behalf of more than 1.6 million California public employees, retirees and their families, as a mass action subject to CAFA. Plaintiff's argument that applying CAFA to this case would mean that "any individual suit in a state court brought on wholly state law grounds by a public corporation with more than 100 shareholders would always be removable to federal court under CAFA," Remand Mot. at 14, is false. Congress protected against an onslaught of cases being removed to federal court by exempting certain types of cases from CAFA's application.[3] Further, an analogy cannot be drawn between CalPERS and a public corporation with 100 or more shareholders. CalPERS, which exists solely and exclusively to serve its beneficiaries, brings the instant action in that capacity. By contrast, shareholders are not considered to be the "beneficiaries" of the corporation in which they own shares.

### 2. Removal under CAFA Advances the Express Legislative Purpose of Having Federal Courts Adjudicate Interstate Cases of National Importance

As an action claiming over $1 billion in damages against three national credit rating agencies, this is undeniably an interstate dispute of national importance appropriately removable under CAFA. Congress passed CAFA with the express purpose of "restor[ing] the intent of the framers of the United States Constitution by providing for Federal court consideration of <u>interstate cases of national importance</u> under diversity jurisdiction." Pub. L. 109-2, § 2(b)(2) (emphasis

---

[3] Where Congress wanted to exempt certain actions from CAFA removal it provided carve outs. See e.g., Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1022-23 (9th Cir. 2007).

TAYLOR & CO.
LAW OFFICES, LLP

8.
DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

1  added); see Estate of Pew v. Cardarelli, 527 F.3d 25, 26 (2d Cir. 2008) (explaining that CAFA's
2  goal was met by "expanding federal diversity jurisdiction, by allowing removal of securities cases
3  of national impact from the state courts") (emphasis added).  The Senate Judiciary Committee
4  Report for CAFA confirms this, stating, "The Committee believes that the federal courts are the
5  appropriate forum to decide most interstate class actions because these cases usually involve large
6  amounts of money and many plaintiffs, and have significant implications for interstate commerce
7  and national policy."  S. Rep. No. 109-14, at 27 (2005).

8  Congress delineated the factors courts should weigh "in the interests of justice" when
9  deciding if CAFA should apply to a removed case, and found integral whether the case presents
10 issues with the potential for nationwide ramifications.  The Senate Committee Report explains:

> [The first factor] is [w]hether the claims asserted are of "significant national or interstate interest".–If a case presents issues of national or interstate significance, that argues in favor of the matter being handled in federal court.  For example, if a nationally distributed pharmaceutical product is alleged to have caused injurious side-effects and class actions on the subject are filed, those cases presumably should be heard in federal court because of the nationwide ramifications of the dispute and the probable interface with federal drug laws (even if claims are not directly filed under such laws).  Under this factor, the federal court should inquire whether the case does present issues of national or interstate significance of this sort.  If such issues are identified, that point favors the exercise of federal jurisdiction.

18 S. Rep. No. 109-14, at 36.  Senator Kohl, an original sponsor of the Senate bill, explained the
19 fundamental rationale behind CAFA, stating that "[w]hen a problem affects people in many States
20 or involves a national problem, it is only fitting that the case be heard in Federal Court."  151
21 Cong. Rec. S1086-01, 1099 (daily ed. Feb. 8, 2005) (statement of Sen. Herb Kohl).

22 This case involves issues of undeniable national significance – the type of issues that
23 Congress deemed to be paradigmatic of those requiring uniform federal adjudication.  CalPERS,
24 the largest state public pension fund in the United States, has sued the three largest rating agencies
25 registered with the United States Securities and Exchange Commission ("SEC") as Nationally
26 Recognized Statistical Rating Organizations, in attempt to hold them liable for CalPERS'
27 investment losses based solely on the content of their ratings.  The action was brought on behalf of
28 1.6 million of beneficiaries, following alleged losses on their investments of "approximately $1.3

TAYLOR & CO.
LAW OFFICES, LLP

9.

DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

billion." Compl. ¶¶ 4, 19. The ratings provided by Moody's, S&P and Fitch were distributed not only to CalPERS and its beneficiaries, but were also made publicly available and distributed nationwide. Id. ¶ 53 (noting that ratings appeared on the "Rating Agencies' respective websites" and "in the mix of information about the SIVs debt issues provided by financial reporting services such as Bloomberg and Reuters"); id. ¶ 122 (alleging ratings were disseminated via financial reporting services). Given that this case involves allegations of large investment losses felt by so many around the country, and because CalPERS alleges that ratings materials were disseminated nationwide, it is the type of action demanding the application of CAFA.[4]

Recent actions by Congress related to credit rating agencies further demonstrate that Congress intended for suits of this nature – those affecting the rating agencies and their methodologies – to be adjudicated in federal court because of their national importance and interstate impact.

First, the Credit Rating Agency Reform Act of 2006 ("CRARA"), a federal statute governing the oversight of credit rating agencies, emphasizes that Congress views the business of credit ratings to be of sufficient national importance such that oversight of players in that industry is expressly reserved to the federal government. CRARA provides, in part:

> Congress finds that credit rating agencies are of <u>national importance</u>, in that, among other things . . . .

---

[4] Congress provided exemptions for cases that, unlike this case, are local in nature. For example, under the "local controversy" exception, codified at 28 U.S.C. § 1332(d)(4)(A), a district court must decline jurisdiction over class actions when: (1) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed; (2) at least one defendant from whom significant relief is sought by the plaintiff class, and whose alleged conduct forms a significant basis for the claims asserted by the class, is a citizen of the state in which the action was filed; (3) the principal alleged injuries were incurred in the state in which the action was originally commenced; and (4) in the three years prior to commencement of the action, no other class action was filed asserting similar factual allegations against any of the defendants. Under the "home-state controversy" exception, codified at 28 U.S.C. § 1332(d)(4)(B), a federal court must decline jurisdiction if greater than two-thirds of the proposed plaintiff class members as well as the primary defendants are citizens of the state in which the action was originally brought. Further exceptions to CAFA's applicability and situations where a federal court may decline jurisdiction are set forth in 28 U.S.C. § 1332(d)(3)-(10).

TAYLOR & CO.
LAW OFFICES, LLP

10.
DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

> (1) their ratings, publications, writings, analyses, and reports are furnished and distributed, and their contracts, subscription agreements, and other arrangements with clients are negotiated and performed, by the use of the mails and other means and instrumentalities of interstate commerce;
>
> (2) their ratings, publications, writings, analyses, and reports customarily relate to the purchase and sale of securities traded on securities exchanges and in interstate over-the-counter markets, securities issued by companies engaged in business in interstate commerce, and securities issued by national banks and member banks of the Federal Reserve System;
>
> (3) the foregoing transactions occur in such volume as substantially to affect interstate commerce, the securities markets, the national banking system, and the national economy.

Pub. L. 109-291, § 2, 120 Stat. 1327 (2006) (emphasis added).

Second, CRARA itself makes clear the strong federal interest in maintaining litigation involving credit rating agencies in the federal courts. Congress consolidated authority in the SEC as the sole federal agency empowered to regulate and license rating agencies, and implemented the various regulatory provisions of CRARA. See 15 U.S.C. § 78o-7(c)(1). CalPERS, as a representative on behalf of its beneficiaries, is bringing suit on an issue Congress has already decided is of significant national importance that should be regulated on the federal playing field.

Removal here is thus in line with both Congress's intent in passing CAFA as well as with Congress's decisions regarding the federal regulation of credit rating agencies. CalPERS has itself publicly acknowledged that the work of credit rating agencies is of wide public interest and that issues involving credit rating agencies should be managed on a federal level. See Credit Rating Agencies and the Next Financial Crisis: Hearing Before the H. Comm. on Oversight and Government Reform, 111 Cong. 2-3 (2009) ("There is a public interest in ensuring that information disseminated to investors [by credit rating agencies] is reliable, that the providers of information are free from conflicts of interest and that there is accountability, transparency and proper oversight from provider to user. This is well understood in other areas of vital importance to the public, such as food and drug safety, but also in the provision of information and opinion by third parties who affect financial decisions.") (statement of Eric Baggesen, Senior Investment Officer, CalPERS).

TAYLOR & CO.
LAW OFFICES, LLP

11.

DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

### 3.    CAFA's Legislative History Confirms that This Is a Mass Action

The Remand Motion asserts – with no support – that CAFA removal of a case like this "was not the intent of Congress." Remand Mot. at 14. A review of CAFA's legislative history reveals that plaintiff is wrong, as established by the relevant Committee reports.[5] See Garcia v. United States, 469 U.S. 70, 76 (1984) ("In surveying legislative history we have repeatedly stated that the authoritative source for finding the Legislature's intent lies in the Committee Reports on the bill, which represent the considered and collective understanding of those Congressman involved in drafting and studying proposed legislation.") (internal quotations and citation omitted); Hertzberg v. Dignity Partners, Inc., 191 F.3d 1076, 1082 (9th Cir. 1999) ("This Circuit relies on official committee reports when considering legislative history.").

Here, the Senate Judiciary Report makes clear that CAFA should be read broadly, explaining that CAFA applies to representative actions, like this one, even if a case is not explicitly described by a plaintiff as a class action.[6] It provides, in part:

> [T]he Committee further notes that the definition of "class action" is to be interpreted liberally. Its application should not be confined solely to lawsuits that are labeled "class actions" by the named plaintiff or the state rulemaking authority. Generally speaking, lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions.

---

[5] The Court need consider the legislative history only if it determines that the statute is unambiguous on its face. See Oliver v. Keller, 289 F.3d 623, 628 n.6 (9th Cir. 2002) ("We adhere to traditional principles of statutory interpretation. Where a statute's plain meaning is clear, turns to legislative history are unnecessary.") (citing United States v. Gonzalez, 520 U.S. 1, 6 (1997)). However, if the Court determines that there is more than one reasonable interpretation of the CAFA mass action provision, resorting to the legislative history of CAFA to ascertain the intent of Congress in passing the statute is appropriate. See Oliver, 289 F.3d at 628 n.6 ("But where a statute yields to 'more than one reasonable interpretation, we turn to legislative history, looking to the entire statutory scheme.'") (quoting United States v. Daas, 198 F.3d 1167, 1174 (9th Cir. 1999)).

[6] While the 9th Circuit has raised concerns about the adequacy of Senate Report No. 109-14 in discerning congressional intent given the timing of the Report's release, see Tanoh v. Dow Chemical Co., 561 F.3d 945, 954 n.5 (9th Cir. 2009), it should be noted that although the Senate Report was issued ten days after CAFA was signed into law, it was submitted to the Senate prior to that body's vote on the bill, and was therefore before the Senate while it was considering the bill. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1206 (11th Cir. 2007).

TAYLOR & CO.
LAW OFFICES, LLP

12.
DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

S. Rep. No. 109-14, at 35.  Clearly, Congress contemplated that lawsuits that were not class actions in name, but were representative actions that otherwise functioned as class actions, such as this one, fall within CAFA's reach.

Further, one of the principal issues that Congress intended to address by passing CAFA was the potential bias that out-of-state defendants might face when sued in the plaintiff's home state:

> According to the Framers, the primary purpose of diversity jurisdiction was to protect citizens in one state from the injustice that might result if they were forced to litigate in out-of-state courts.  Quoting James Madison, Judge Henry Friendly explained that diversity jurisdiction is essential to a strong union because it "may happen that a strong prejudice may arise in some state against the citizens of others, who may have claims against them."

Id. at 7-8.  The problem of local state bias against defendants, all out-of-state corporate entities, is especially prevalent here, as it is clear that so many citizens of the State of California have a stake in the outcome of this litigation.

In short, CAFA's legislative history demonstrates that the intent of Congress was to ensure that this type of case would be heard in federal court.  It is a representative action brought on behalf of more than 100 people, with an aggregate of more than $5,000,000 at issue, and there is a significant risk of local bias if the case were to proceed in state court.  This lawsuit may not be a class action in name, but the nature of the action places it squarely within the legislative framework set forth in CAFA.

///
///
///
///
///
///
///
///
///

TAYLOR & CO.
LAW OFFICES, LLP

13.

DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

### III.  CONCLUSION

For the reasons cited by McGraw-Hill and Moody's in the Remand Opposition, along with the foregoing reasons, CalPERS' Remand Motion should be denied.

Dated: October 19, 2009    Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP


By:   */s/ Carmine D. Boccuzzi, Jr.*
          Carmine D. Boccuzzi, Jr.

Attorneys for Defendants FITCH, INC., FITCH GROUP, INC. and FITCH RATINGS, LTD.

TAYLOR & CO.
LAW OFFICES, LLP

14.
DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI

**FILER'S ATTESTATION**

Pursuant to General Order No. 45, Section X, Subparagraph B, the undersigned attests that Carmine D. Boccuzzi, Jr. concurs in the filing of this Memorandum of Points and Authorities In Opposition to Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction.

*/s/ Stephen McG. Bundy*
STEPHEN McG. BUNDY

TAYLOR & CO.
LAW OFFICES, LLP

15.
DEFENDANT FITCH'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION: CASE NO. 09-03628-SI